UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:  }
    Jonathan K. Anderson,  }  CASE NO. 06-40856
                                 }
    Debtor.  }  CHAPTER: 13
                                 }

## OPINION

This case came before the court for a hearing on the Renewed Motion to Convert (Doc. #105) filed by creditor, Cathy Anderson (the debtor's former wife), the Motion to Modify Confirmed Plan (Doc. # 98) filed by the debtor, and the Motion to Modify Plan (Doc. # 110) filed by the Standing Chapter 13 Trustee. On April 15, 2009, the court entered a Memorandum Opinion on Motion to Covert (Doc. # 93) and Order on Motion to Convert (Doc. # 94) in this case. Under said Order the debtor was instructed to amend his schedules and statement of financial affairs to disclose his prepetition income from all sources and his receipt of the proceeds from the sale of a Corvette automobile. The Order further provided that upon the timely filing of such amendments to the schedules and statement of financial affairs, any party in interest, including the debtor, the Trustee and Ms. Anderson, would have 30 days to file a motion to modify the debtor's confirmed plan pursuant to Section 1329(a)(1) of the Bankruptcy Code[1]. The Order provided that if the amendments were not timely filed Ms. Anderson could renew her original Motion to Convert Case (Doc. # 81). The debtor filed the amendments within the allotted time, and thereafter the debtor and the Trustee filed their respective motions to modify the confirmed plan. There was no evidence

---

[1] 11 U.S.C. § 101 *et seq*, and herein the "Code." All "Section" references are to a section or subsection of the Code.

offered to prove the amendments were not accurate. Thus, the debtor satisfied the requirements of the Memorandum Opinion and related Order.

At the hearing on Ms. Anderson's Renewed Motion to Convert and the motions to modify filed by the debtor and the Trustee, respectively, counsel for Ms. Anderson specifically asked whether the court was finding that the debtor's case and plan had been filed in good faith or that the debtor was otherwise acting in good faith. The court stated that it had made no finding regarding the debtor's good faith. Section 1307(c) of the Code provides that a court may dismiss a chapter 13 case or convert such case to a case under chapter 7 "for cause" which includes several grounds stated in clauses (1) through (11) of such Section. None of the specifically described grounds for dismissal or conversion exist in this case. An issue regarding whether the debtor filed his case or plan in good faith is best raised at the confirmation hearing. See Code Section 1325(a)(3), (7). Nonetheless, the lack of good faith in a debtor's post petition conduct may be raised as cause for dismissal or conversion under Section 1307(c) after confirmation, but that was not the issue to be resolved at the hearing; the issue was whether the debtor had complied with the court's April 15, 2009 Order, which he had.

In Ms. Anderson's original motion to convert (Doc. # 81), she did not raise lack of good faith as a ground supporting her motion. The court overruled her original motion to convert, but allowed Ms. Anderson to *renew* her motion if the debtor failed to comply with the court's order; the order did not allow her to *add* additional grounds for dismissal or conversion in a renewed motion. Thus, having overruled the original motion, the court will not now rule on the issue of good faith raised for the first time in the renewed motion.[2]

---

[2] Ms. Anderson filed an objection to confirmation raising the issue of good faith (Doc. # 27). She eventually withdrew her objection and the debtor's plan was confirmed (Doc. # 40). As noted, Ms. Anderson did not raise the issue of good faith when she filed her Motion to Convert

The next issue to be resolved at the hearing was whether the debtor's confirmed plan should be modified based on the information disclosed in the amendments to the schedules and statement of financial affairs. The Trustee stated at the hearing that she intended to amend her motion to modify to take into consideration the prepetition income disclosed by the debtor in his amended statement of financial affairs, and asked for leave to so amend her motion.

Accordingly, based the court's file maintained with respect to this case, the pleadings, arguments of counsel, the evidence appearing on the record, and for the reasons stated on the record, an Order will be entered pursuant to Federal Bankruptcy Rule 9021 in which Ms. Anderson's Renewed Motion to Convert will be denied, and the Trustee will be granted leave to file an amended motion to modify the debtor's confirmed plan based on information disclosed in the amended schedules and statement of financial affairs. After the Trustee's amended motion is filed, the same, along with the debtor's motion to modify, will be set for a hearing.

Dated: July 30, 2009

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

on January 15, 2009 (Doc. # 81). The "renewed" Motion filed June 2, 2009 added lack of good faith as grounds for conversion and thus went beyond a renewal of the original Motion to Convert.